FILED IN OPEN COURT
WESTERN DISTRICT OF TN
DATE: 5-9-23
TIME: 10:07 AM
INITIALS: TMB

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cr. No. 1:21-cr-10117-STA |
| ) | |
| KELLY MCCALLUM ) | |
| a/k/a Kelly Murphy, ) | |
| Defendant. ) | |

## PLEA AGREEMENT

Come now the parties herein, the defendant, KELLY MCCALLUM, being represented by counsel, Dianne Smothers, and the United States, being represented by Christie Hopper, Assistant United States Attorney for the Western District of Tennessee and Kathryn Furtado, Trial Attorney for the U.S. Department of Justice, Criminal Division, Fraud Section, and hereby agree as follows:

### CHARGES

1.  The defendant agrees that she will enter a voluntary plea of guilty to Count 7 and Count 10 of the Indictment which charge that she knowingly or intentionally distributed controlled substances outside the usual course of professional practice, not for a legitimate medical purpose and knew at the time of distribution that the substances were controlled substances, in violation of 21 U.S.C. 841(a)(1). Each offense carries a maximum statutory punishment of not more than twenty (20) years imprisonment, not more than a $1,000,000 fine, or both, not less than a three (3) year period of supervised release, and a special assessment of $100. If the defendant has one prior drug conviction for a felony drug offense, then not more than thirty (30) years imprisonment, not more than a $2,000,000 fine, or both, not less than a six (6) year period of supervised release, and a special assessment of $100.

2. The defendant agrees that she will enter a voluntary plea of guilty to Count 16 of the Indictment which charges that she knowingly and willfully executed a scheme to defraud a health care benefit program, namely Medicare or Medicaid, or to obtain, by means of false or fraudulent pretenses, representations, or promises any of the money or property owned by, or controlled by, said health care benefit programs in connection with the payment for health care benefits, items, or services; the scheme included a material misrepresentation or concealment of a material fact; and she had the intent to defraud, in violation of 18 U.S.C. § 1347. This offense carries a maximum term of imprisonment of up to 10 years, a term of supervised release of not less than three years, a fine up to $250,000, criminal forfeiture as set forth herein, and a mandatory $100 special assessment.

3. The defendant agrees that she is pleading guilty because she is in fact guilty of the offenses charged in Counts 7, 10, and 16 of the Indictment.

4. The defendant agrees to the factual basis for her plea, as attached in Attachment A, and agrees it is incorporated into the plea agreement by reference.

5. The defendant agrees to pay the one hundred ($100) dollar special assessment per count to which she is pleading guilty. The defendant acknowledges that this amount is due and payable at time of sentencing as required by local rules.

### FED. R. CRIM. P. 11(c)(1)(B)

6. As to Counts 7 and 10, the parties agree that the defendant's base offense level, including relevant conduct under U.S.S.G § 2D1.1(c)(11), is 18. Specifically, the defendant admits that during the relevant time period, the defendant distributed oxycodone, hydrocodone, Adderall, and alprazolam, and this was knowingly and intentionally done without a legitimate medical purpose and outside the scope of professional practice. The converted drug weight of these prescriptions is

at least 40 KG but less than 60 KG ("the Agreed Weight under U.S.S.G § 2D1.1(c)(11)").

7. As to Count 16, the parties agree that the defendant's base offense level, including relevant conduct under U.S.S.G § 2B1.1(b)(1)(D), is 12. Specifically, the defendant agrees that based on Comment 3(F)(vi) of that section which states that "in a case involving controlled substances, loss is the estimated street value of the controlled substances," the relevant loss amount for the relevant period is more than $40,000 but less than $95,000 in this case. ("the Agreed Loss Amount" under U.S.S.G § 2B1.1(b)(1)(D)").

8. The parties agree the defendant maintained a premises for the purpose of distributing controlled substances, and as a result, two points should be added to the defendant's base offense level pursuant to U.S.S.G § 2D1.1(b)(12).

9. The parties agree the defendant used a special skill, namely, her nursing education and license, in a manner that significantly facilitated the commission of the offense, and as a result, two points should be added to the defendant's base offense level pursuant to U.S.S.G § 3B1.3.

10. The parties agree that 2D1.1(d) and 2B1.1(b)(16) do not apply.

11. There is no agreement as to the defendant's criminal history.

12. Neither the United States, nor any law enforcement officer, can or has made any promises or representations as to what the sentence imposed by the Court will be. Further, the parties have not reached any other agreements with respect to the calculation of the United States Sentencing Guidelines.

13. It is the intention of the parties that the Court may accept or reject this agreement immediately or after having had an opportunity to review the presentence report but may not modify the agreement. If the Court rejects the agreement, either party may withdraw from the agreement. Notwithstanding the foregoing, if the defendant attempts to withdraw her plea for any

other reason, then the Government will be free to argue for any sentence within the statutory limits.

## CONCESSIONS BY THE GOVERNMENT

14. If the defendant pleads guilty to Counts 7, 10, and 16 of the Indictment, persists in that plea through sentencing, and, if applicable, the Court accepts this Plea Agreement, the United States will move to dismiss any remaining counts of the Indictment at the time of sentencing.

15. The parties agree that the Government will recommend that the defendant receive a full reduction for acceptance of responsibility under U.S.S.G. §3E1.1, providing the defendant commits no new criminal offenses and continues to demonstrate an affirmative acceptance of responsibility, including acknowledging guilt in open court to the facts as set out in the Indictment. However, the defendant understands that whether or not acceptance of responsibility is granted is a matter to be determined by the district court. Failure of the district court to grant acceptance of responsibility is not a basis for the defendant to withdraw her guilty plea or to appeal her sentence.

## FORFEITURE

16. The defendant consents to the criminal forfeiture, as set forth in the forfeiture allegations of the Indictment, as to the loss amount to Medicare and Medicaid as relevant conduct to her under the offense of conviction as set forth in the pre-sentence report.

17. The defendant agrees to pay mandatory restitution as follows: $16,234.48 to be distributed to the following victims:

    a. The Federal Medicare Program: $5,764.77

    b. The Tennessee State Medicaid Program (TennCare): $10,469.71.

*Intentionally left blank*

## **BREACH OF PLEA AGREEMENT BY THE DEFENDANT**

18.     Should it be judged by the United States that the defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting obstruction or impeding justice within meaning of U.S.S.G. § 3C1.1 from the date of the defendant's signing of this plea agreement to the date of the defendant's sentencing, or if the defendant attempts to withdraw the plea, the government will be released from its obligations and would become free to argue for any sentence within the statutory limits, and would further become free to pursue any charges related to the above-admitted conduct in the Western District of Tennessee.  Such a breach by the defendant would not release the defendant from the plea of guilty.

19.     The defendant further expressly waives her rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon affixing a signature to this plea agreement.  The defendant understands and agrees that in the event the defendant violates the plea agreement, the defendant does not enter a plea of guilty, or the guilty plea is for any reason withdrawn, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including the "agreed facts" set forth herein, any other factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal actions.

*Intentionally left blank*

## WAIVER OF APPEAL AND 2255 ACTIONS

20.     The defendant is aware that 18 U.S.C. §3742 affords her the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by 18 U.S.C. §3742 to appeal any sentence imposed or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that she has discussed the appeal waiver set forth in this agreement with her attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of her right to appeal the sentence to be imposed in this case was knowing and voluntary.

21.     The defendant understands that 28 U.S.C. § 2255 provides an additional method by which to challenge the sentence imposed by the Court. Acknowledging this, the defendant knowingly and voluntarily waives her right. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct or ineffective assistance of counsel.

## REPRESENTATION BY COUNSEL

23.     The defendant has been represented by Dianne Smothers. By signing this agreement, defendant affirms that she is satisfied with her lawyer's counsel and representation, and hereby freely and voluntarily enters into this plea agreement.

## PLEA AGREEMENT CONSITUTES THE ENTIRE AGREEMENT

24. The defendant understands that this writing constitutes the entire Plea Agreement between the Parties with respect to the plea of guilty. There are no other agreements between and among the parties to this agreement. As witnessed by her signature below, the defendant affirms that she has entered into this agreement freely, knowingly, and voluntarily, and upon the advice of counsel without the threat of force, without coercion or promise. No additional promises, representations or inducements, other than those referenced in this Plea Agreement, have been made to the defendant or to the defendant's attorneys with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

Respectfully submitted,

KEVIN G. RITZ
Acting United States Attorney

_____
DIANNE SMOTHERS
Counsel for the defendant

_____
CHRISTIE R. HOPPER
Assistant U.S. Attorney
109 South Highland, Suite 300
Jackson, Tennessee 38301

_____
KELLY MCCALLUM
Defendant

GLENN LEON
Chief, Fraud Section

_____
DATE 4/27/23

_____
KATHRYN C. FURTADO
Trial Attorney
1400 New York Ave NW
Washington, DC 20530

*United States v. Kelly McCallum*, Case No. 1:21-cr-10117-STA
Attachment A

## FACTUAL BASIS

In pleading guilty, the defendant agrees and stipulates as part of this plea agreement that had this case proceeded to trial, the United States would have proved the following facts and those facts establish her guilt to Counts 7, 10 and 16 of the Indictment beyond a reasonable doubt:

At all times relevant to this statement of facts, the defendant, KELLY MCCALLUM, was an advance practice registered nurse licensed in the State of Tennessee; the defendant held a registration from the Drug Enforcement Administration which allowed her to prescribe controlled substances; the defendant owned and operated Convenient Care Clinic, LLC ("Convenient Care") in Dyersburg, Tennessee; and through Convenient Care, the defendant obtained the privilege of billing Medicare and Medicaid for legitimate medical services provided to patients.

During the period alleged in the Indictment, the defendant had a sexual relationship with two patients, including patient "D.J.", named in Count 7 of the Indictment, at the time that she was acting as their medical provider and prescribing controlled substances outside the usual course of professional practice, not for a legitimate medical purpose. The defendant was also aware that patient "V.J.", named in Count 10 of the Indictment, fatally overdosed three days after the defendant wrote controlled substance prescriptions for "V.J." yet the defendant's prescribing outside the usual course of professional practice, not for a legitimate medical purpose continued unabated. The Government does not allege that the defendant was the "but for" cause of the fatal overdose of "V.J."

Consequently, the defendant admits that on the dates alleged in Counts 2 – 12 of the Indictment, she knowingly and intentionally distributed hydrocodone, oxycodone, Adderall, and alprazolam outside the usual course of professional practice, not for a legitimate medical purpose, and knew at the time of such distribution that hydrocodone, oxycodone, Adderall, and alprazolam were controlled substances. The prescriptions totaled approximately 3,525mg of hydrocodone, 3,600mg of oxycodone, 1800 mg of amphetamines, and 120 units of alprazolam, for a converted drug weight of approximately 51KG.

On January 31 and November 18, 2019, and July 22, August 10, and September 22, 2020, the defendant billed Medicare and Medicaid (or "TennCare") for patient visits that occurred when she was out of the office, as though she personally rendered services, and approximately 9,000 opioid pills, with an estimated street value of $10 per pill, were distributed in the defendant's absence. On the dates and under the circumstances described above, the defendant admits that she caused the controlled substance prescriptions to be issued, and caused Medicare and Medicaid to be billed as though she had performed an examination and other services for the individuals listed in Counts 13-18 of the Indictment. Consequently, the total loss amount was $90,000, which resulted in Medicare and Medicaid paying the defendant or a company owned and controlled by her approximately $16,234.48 for services the defendant did not provide.

1   Kelly McCallum's Initials ___

*United States v. Kelly McCallum,* Case No. 1:21-cr-10117-STA
**Attachment A**

These events did occur in the Western District of Tennessee.

I have read the entire 2 pages of this statement of facts and have carefully reviewed it with my attorney. I acknowledge that it is true and correct.

_____  _____
KELLY MCCALLUM             Date

I am the attorney for Kelly McCallum, and I have carefully reviewed the statement of facts contained in Attachment A with Kelly McCallum.

_____  4-27-23
Dianne Smothers            Date

2   Kelly McCallum's Initials ___